**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **DIRECTV, Inc.** ) | Case No.: **05-10098 DPW** |
| ) | |
| Plaintiff, ) | |
| ) | **PLAINTIFF'S MOTION FOR** |
| vs. ) | **DEFAULT JUDGMENT** |
| ) | |
| **Roberto Perez** ) | |
| ) | |
| Defendant ) | |

Plaintiff hereby moves this Court for a Judgment by Default in the above-entitled action against the Defendant. The Plaintiff also requests that this Court assess non-Liquidated Damages after considering the Plaintiff's filings made herewith. The Plaintiff contends that because the Plaintiff is seeking only the statutory minimum or less the Court should be able to assess statutory damages in this action based upon the facts as determined through the Defendant's default all in accordance with Fed. R. Civ. P. 55(b)(2).

The Plaintiff's counsel believes the Court can assess statutory damages in this matter without testimony. Yet, if the Court believes testimony is necessary the Plaintiff will fully cooperate and it will provide fact witnesses' testimony and/or expert witnesses' testimony by affidavit or in person if required by this court.

In support of this Motion, Plaintiff submits:

1. That a Default was entered against the Defendant on February 24, 2005.

2. That the Defendant has still failed to reply or otherwise defend the claims set forth in Plaintiff's complaint;

3. That the Defendant is not an infant or incompetent;

4. That the Defendant is not in the military service; and,

> 5. That the Plaintiff is entitled to damages and other civil remedies as set forth below because damages are liquidated in this case as they are based on a minimum statutory award of $10,000.00 due to Defendant's conduct as alleged in DIRECTV's Complaint.

In further support of this Motion, please see:

1. Memorandum of Law in Support of Plaintiff's Motion for Default Judgment.
2. Affidavit of Attorney John M. McLaughlin.
3. Proposed Order of Default.

**WHEREFORE** Plaintiff respectfully requests that this Court enter Default Judgment in favor of the Plaintiff and against the Defendant for the reasons set forth above (and as further articulated in the Memorandum of Law in Support of Plaintiff's Motion for Default Judgment), DIRECTV respectfully requests that this Court award to DIRECTV:

(1) Minimum statutory damages in the amount of $10,000.00 pursuant to either Title 18 U.S.C. § 2520(c)(2)(B) and/or Title 47 U.S.C. § 605(e)(3)(C)(i)(II);

(2) Full costs in the amount of $198.90;

(3) Attorneys' fees in the amount of $850.00;

(4) Permanently enjoin Defendant from committing or assisting in the commission of any violation of 47 U.S.C. § 605 or 18 U.S.C. § 2511; and

(5) Grant DIRECTV such other and further relief as this court deems equitable, just and proper.

>> Respectfully Submitted for the Plaintiff,
>> DIRECTV, Inc.
>> By Its Attorney

| | |
|---|---|
|   3/22/05 | /s/ John M. McLaughlin |
| Date | John M. McLaughlin (BBO: 556328) |
| | **Green, Miles, Lipton & Fitz-Gibbon** |
| | P.O. Box 210 |
| | 77 Pleasant Street |
| | (413) 586-0865 |

**CERTIFICATE OF SERVICE**

     I, John M. McLaughlin, attorney for the Plaintiff, hereby certify that on March 22, 2005 I served a copy of the foregoing Motion for Default Judgment, Memorandum of Law, Proposed Judgment and Affidavit of John M. McLaughlin were sent via first class mail, postage pre-paid to:

Roberto Perez
132 Harrison Street, Apt. #R1
Fall River MA

                                                                                                           _/s/ John M. McLaughlin_____
                                                                                                           John M. McLaughlin

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **DIRECTV, Inc.** ) | Case No.: **05-10098 DPW** |
|   ) | |
|   Plaintiff, ) | |
|   ) | **AFFIDAVIT OF PLAINTIFF'S COUNSEL** |
| vs. ) | **ATTORNEY JOHN M. McLAUGHLIN** |
|   ) | |
| **Roberto Perez** ) | |
|   ) | |
|   Defendant ) | |

Now comes the Affiant, and makes this his sworn statement, under the pains and penalties of perjury, of his own personal knowledge.

**GENERAL FACTUAL ASSERTIONS**

1. I, John M. McLaughlin, represent the Plaintiff in the above-entitled action.

2. I am a member of the Law Firm of Green, Miles, Lipton & Fitz-Gibbon.

3. I have used paralegals from the firm to assist me in this case.

**FACTUAL ASSERTIONS AS TO ATTORNEY'S FEES**

4. My usual hourly rate is $200.00 per hour. The usual hourly rate of the paralegals in our firm is $90.00 per hour. The usual hourly rate of the support staff in our firm is $75.00 per hour. These rates are more than reasonable for telecommunication civil litigation specialists.

5. I am a member of the Federal Communications Bar Association and I have been heavily involved in telecommunications litigation since the early 1990's. I have represented DIRECTV, Inc. Comcast Corporate Entities and Coxcom, Inc. on literally hundreds of telecommunications piracy cases.

6. My law firm personnel and I have worked on:

    a. Reviewing the evidence in this case;

Page 1

      b. Drafting the complaint;

      c. Drafting the civil action cover sheet;

      d. Drafting the corporate disclosure;

      e. Drafting the summons;

      f. Drafting the request for notice of default with its accompanied affidavit

      g. Drafting the Motion for default judgment

      h. Drafting the Memorandum in support of the motion;

      i. Drafting the proposed judgment; and

      j. Drafting this affidavit.

Based upon my normal hourly rates the attorney's fees for this civil action to date would be higher than $850.00. Yet, to simplify matters and in the hopes of avoiding a hearing in damages in a case where the ultimate recovery of the judgment may be problematic the Plaintiff is seeking in essence, a smaller lump sum attorney's fee of $850.00. This amount was specifically requested in the complaint.

### OTHER FACTUAL ASSERTIONS

7. The Default of the Defendant has been entered for failure and/or neglect to file an answer to Plaintiff's Complaint.

8. The costs in this civil action are $150.00 for filing fee and $ 61.15 four Sheriff's service; a total of $211.15

9. On information and belief, the Defendant is not an infant or an incompetent and the Defendant is not in the military service.

10. The undersigned believes the court can assess statutory damages in this matter without testimony. Yet, if the court believes testimony is necessary the Plaintiff

will fully cooperate and provide fact witnesses' testimony and/or expert witnesses' testimony by affidavit or in person if required by this court.

| | |
|---|---|
| 3/22/05 | /s/ John M. McLaughlin |
| Date | John M. McLaughlin |
| | **Green, Miles, Lipton & Fitz-Gibbon** |
| | P.O. Box 210 |
| | 77 Pleasant Street |
| | Telephone: (413) 586-0865 |
| | BBO No. 556328 |

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| **DIRECTV, Inc.** | ) | Case No.: **05-10098 DPW** |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER OF** |
| vs. | ) | **DEFAULT JUDGMENT** |
| | ) | |
| **Roberto Perez** | ) | |
| | ) | |
| Defendant | ) | |

The Court, having considered the Plaintiff's Motion for Default Judgment and the accompanying documentation filed with said motion, finds that the Plaintiff is entitled to a Default Judgment as follows:

1. $_____ in statutory damages pursuant to Title 47 U.S.C. § 605 (e)(3)(C)(i)(II) or Title18 U.S.C. § 2520(c)(2)(B)

2. Costs $_____ pursuant to Title 18 U.S.C. § 2520(b)(3) and /or Title 47 U.S.C. § 605(e)(3)(B)(iii);

3. The issuance of a permanent injunction pursuant to 47 U.S.C. § 605(e)(3)(B)(i) or 18 U.S.C. § 2520(b)(1).  utilizing the following language or language of a similar nature:

    "The Court hereby enjoins the Defendant, the Defendant's respective agents, servants, employees, and any person or entity controlled directly or indirectly by the Defendant or acting on the Defendant's behalf from the further modification and/or use of electronic equipment designed for the unauthorized interception of signal in violation of provisions of Title 47 and/or Title 18; and,

4. Post-Judgment interest running on the judgment pursuant to 26 U.S.C. § 1961.

5. Attorney's fees of $_____ pursuant to Title 18 U.S.C. § 2520(b)(3) and /or Title 47 U.S.C. § 605(e)(3)(B)(iii).

**SO ORDERED**.

Dated: _____    _____
United States District Court Judge