UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Case No.: 05-10098 DPW

| | |
|---|---|
| DIRECTV, INC.<br>　　　　Plaintiff<br>v.<br><br>ROBERTO PEREZ<br>　　　　Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### DEFENDANT, ROBERTO PEREZ'S MOTION TO REMOVE DEFAULT

NOW COMES the Defendant, Roberto Perez, in the above matter and respectfully moves that this Court set aside the default entered against the Defendant pursuant to Massachusetts Rule of Civil Procedure 55 (c) and Rule 60 (b). In support of this motion, the Defendant, Roberto Perez asserts that there exists good cause to set aside the default, excusable delay exists, and the time has not infringed upon the interests of justice and in no way prejudices the Plaintiff. In support of this Motion, the Defendant states the following:

1. On or about April 7, 2005, the Defendant's mother provided him with the envelope from the United States District Court, Office of the Clerk, John Joseph Moakley Courthouse, One Courthouse Way, Suite 2300, Boston, MA 02210 which was addressed to Roberto Perez, 132 Harrison Street, 1R, Fall River, MA which had been forwarded to Roberto Perez at 85 Sunset Hl., Fall River, MA 02724-3743;

2. At that time, the Defendant learned for the first time that the above-captioned matter had been filed against him and that an Order of Default Judgment had been entered against him in the above-captioned matter.

3.      Upon hiring your undersigned counsel, the Defendant learned that the Plaintiff had served a Complaint at 132 Harrison Street in Fall River, MA, an address that the Defendant has not resided since July, 2002;

4.      The Defendant has resided at 215 McMahon Street, Fall River, MA since August, 2004 and filed a change of his address, including providing notice to the Commonwealth of Massachusetts Registry of Motor Vehicles and the United States Social Security Administration;

5.      Based upon the Plaintiff, DIRECTV, utilizing an incorrect address for the Defendant, the Defendant was never served with the Complaint;

6.      The Civil Docket in the above-captioned matter further reveals that notice of the Motion for Entry of Default sent to the Defendant, which was filed on February 22, 2005, was returned to the Court as undeliverable (Docket Entry No. 6);

7.      Based upon the foregoing, the Defendant alleges that he has been denied an opportunity to receive notice of the lawsuit or an opportunity to defend this action;

8.      In further support, the Defendant relies upon the accompanying Affidavits.

WHEREFORE, the Defendant requests that the within Motion be allowed and the Defendant be permitted to file an Answer and defend in this action.

Respectfully submitted,
**ROBERTO PEREZ,**
By his attorney,

_____
Raymond Sayeg, BBO #555437
DENNER·O'MALLEY, LLP
Four Longfellow Place, 35th Floor
Boston, MA 02114
(617) 227-2800

DATED: May /7, 2005

## CERTIFICATE OF SERVICE

I, Raymond Sayeg hereby certify that on this 17 day of May, 2005, I served the foregoing Defendant, Roberto Perez's Motion to Remove Default with accompanying Affidavits upon Counsel for DIRECTV, John M. McLaughlin, Esq., Green Miles, Lipton, White & Fitzgibbon, 77 Pleasant Street, P.O. Box 210, Northampton, MA 01060.

_____
Raymond Sayeg